**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMICA CARTER,

  Plaintiff,

              Case No:

v.

AVESTA HOMES, LLC d/b/a
RESPROP MANAGEMENT COMPANY, LLC,

  Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jamica Carter ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, Avesta Homes, LLC d/b/a ResProp Management Company, LLC ("Defendant"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Pregnant Workers Fairness Act, as amended ("PWFA"), 42 U.S.C. § 2000gg *et seq.*; and the Florida Civil Rights Act of 1992, as amended ("FCRA"), § 760.01, Florida Statutes *et seq.*

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, 42 U.S.C. § 2000e−5(f)(3), and 42 U.S.C. § 2000gg *et seq.*

3.      Venue is proper in this Court because all or a substantial part of the events or omissions giving rise to these claims herein occurred in this judicial district.

## PARTIES

4.      Plaintiff is a resident of Manatee County, Florida, and worked for Defendant in Manatee County and Sarasota County, Florida.

5.      Defendant is authorized to do business in Florida and operates a property management company across the country.

## GENERAL ALLEGATIONS

6.      Plaintiff has satisfied all conditions precedent, or they have been waived.

7.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.      Plaintiff requests a jury trial for all issues so triable.

9.      At all times material hereto, Plaintiff was a qualifying "person" and/or "employee" of Defendant under Title VII, the PWFA, and the FCRA. 42 U.S.C. § 2000e(a) and (f); 42 U.S.C. § 2000gg(3), (5), and (6); and § 760.02(6), Fla. Stat.

10.      At all times material hereto, Defendant employed fifteen (15) or more employees.  Thus, Defendant was an "employer" within the meaning of Title VII, the PWFA, and the FCRA.  42 U.S.C. § 2000e(b); 42 U.S.C. § 2000gg(2); § 760.02(7), Fla. Stat.

## FACTS

11.     In or around December 2022, Plaintiff began working for Defendant as a Floating Leasing Consultant, and she worked in this capacity until her termination in or around July 2023.

12.     Plaintiff performed the job for which she was hired in a satisfactory manner.

13.     During her employment, Plaintiff was subjected to disparate treatment and retaliation on the basis of her sex and pregnancy.

14.     Plaintiff, a woman, is a member of a protected class and therefore entitled to the protections of Title VII and the FCRA. In addition, her pregnancy during her employment afforded her further protections under the PWFA, as well as under Title VII and the FCRA.

15.     In or around May 2023, Plaintiff informed Defendant that she was pregnant and sought accommodations, including maternity leave.

16.     By way of example and not limitation, Plaintiff informed several managers about her pregnancy, including Vice President of Human Resources Taylor Salmon ("VP Salmon") and Property Managers Cindy Vergara and Kaitlyn Rodriguez-Phillips.

17.     On or around May 31, 2023, VP Salmon emailed Plaintiff information about her leave options, including through short-term disability ("STD") and Defendant's maternity leave policy.

18.     Plaintiff filed for STD benefits to cover her maternity leave.

3

19.     Defendant approved Plaintiff's maternity leave to commence in or around early June 2023.

20.     Plaintiff was scheduled and approved to return to work from maternity leave on July 27, 2023.

21.     On or around June 15, 2023, Plaintiff informed Defendant, including but not limited to VP Salmon, that she gave birth to her child.

22.     On or around June 27, 2023, Defendant, through its agent Lincoln Financial Group, provided written notice of Plaintiff's STD benefit approval beginning on June 14, 2023, through her return-to-work date scheduled for July 27, 2023.

23.     On July 18, 2023, VP Salmon emailed Plaintiff to inform her that Defendant was terminating her employment.

24.     In the termination email, Defendant stated that Plaintiff was terminated effective July 27, 2023, due to business needs. Defendant also stated that Plaintiff's replacement had already joined the team and began working.

25.     On or around June 5, 2023—unbeknownst to Plaintiff—Defendant hired a new floating leasing agent to replace Plaintiff due to her pregnancy and request for leave.

26.     Plaintiff's replacement was scheduled to start work on or around June 27, 2023.

27.     Defendant did not inform Plaintiff that she was replaced until her termination.

28.    Defendant did not inform Plaintiff that her job was at risk prior to her termination.

29.    Plaintiff was notified of her termination roughly nine days before her scheduled return-to-work date.

30.    The decision to end Plaintiff's employment while she was on protected maternity leave supports a strong inference of unlawful discrimination and retaliation.

31.    Defendant provided no prior warning or indication that Plaintiff's position was in jeopardy, further undermining its claim of "business necessity" and highlighting the retaliatory nature of the termination.

32.    Male employees and/or non-pregnant employees were able to take leave without consequence.

33.    Defendant terminated Plaintiff due to her sex, pregnancy, and request for accommodations.

34.    Defendant further retaliated against Plaintiff by evicting her. Previously, Plaintiff was living in one of Defendant's apartment units.

35.    Defendant had also taken away Plaintiff's rent discount prior to her eviction.

36.    Plaintiff was injured due to Defendant's violations of the PWFA, Title VII, and the FCRA, for which Plaintiff is entitled to relief.

## COUNT I – TITLE VII VIOLATION (PREGNANCY DISCRIMINATION)

37.    Plaintiff realleges and readopts the allegations of Paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

38.    Plaintiff is a member of a protected class under Title VII due to her pregnancy.

39.    Plaintiff was subjected to disparate treatment on account of her pregnancy, including her termination.

40.    Defendant's actions were willful and done with malice.

41.    Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to relief.

**WHEREFORE**, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    An injunction restraining continued violation of Title VII by Defendant;

d)    Compensation for lost wages, benefits, and other remuneration;

e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)    Any other compensatory damages, including emotional distress, allowable at law;

g)    Punitive damages;

h)    Prejudgment interest on all monetary recovery obtained.

i)    All costs and attorneys' fees incurred in prosecuting these claims; and

j)    For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII VIOLATION (SEX DISCRIMINATION)

42.    Plaintiff realleges and readopts the allegations of Paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

43.    Plaintiff is a member of a protected class under Title VII due to her sex.

44.    Plaintiff was subjected to disparate treatment on account of her sex, including her termination.

45.    Defendant's actions were willful and done with malice.

46.    Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to relief.

*WHEREFORE*, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    An injunction restraining continued violation of Title VII by Defendant;

d)    Compensation for lost wages, benefits, and other remuneration;

7

e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)    Any other compensatory damages, including emotional distress, allowable at law;

g)    Punitive damages;

h)    Prejudgment interest on all monetary recovery obtained.

i)    All costs and attorneys' fees incurred in prosecuting these claims; and

j)    For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII VIOLATION (RETALIATION)

47.    Plaintiff realleges and readopts the allegations of Paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

48.    Plaintiff is a member of a protected class under Title VII due to her sex and pregnancy.

49.    Plaintiff exercised or attempted to exercise her rights under Title VII.

50.    Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating and evicting her.

51.    Defendant's actions were willful and done with malice.

52.    In discharging Plaintiff's employment, Defendant took material adverse action against Plaintiff.

53.    Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

8

**WHEREFORE**, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)   That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

d)   That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e)   Compensation for lost wages, benefits, and other remuneration;

f)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g)   Front pay;

h)   Any other compensatory damages, including emotional distress, allowable at law;

i)   Punitive damages;

j)   Prejudgment interest on all monetary recovery obtained.

k)   All costs and attorneys' fees incurred in prosecuting these claims; and

l)   For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION (PREGNANCY DISCRIMINATION)

54.    Plaintiff realleges and readopts the allegations of Paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

55.    Plaintiff is a member of a protected class under the FCRA due to her pregnancy.

56.    Plaintiff was subjected to disparate treatment on account of her pregnancy, including her termination.

57.    Defendant's actions were willful and done with malice.

58.    Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to relief.

*WHEREFORE*, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and this Court take jurisdiction over the case;

c)    Compensation for lost wages, benefits, and other remuneration;

d)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e)    Any other compensatory damages, including emotional distress, allowable at law;

f)    Punitive damages;

g)    Prejudgment interest on all monetary recovery obtained.

h)    All costs and attorneys' fees incurred in prosecuting these

claims; and

i)    For such further relief as this Court deems just and equitable.

## COUNT V – FCRA VIOLATION (SEX DISCRIMINATION)

59.    Plaintiff realleges and readopts the allegations of Paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

60.    Plaintiff is a member of a protected class under the FCRA due to her sex.

61.    Plaintiff was subjected to disparate treatment on account of her sex, including her termination.

62.    Defendant's actions were willful and done with malice.

63.    Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to relief.

*WHEREFORE*, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and this Court take jurisdiction over the

case;

c)    Compensation for lost wages, benefits, and other

remuneration;

d)    Reinstatement of Plaintiff to a position comparable to her

prior position, or in the alternative, front pay;

e)      Any other compensatory damages, including emotional

distress, allowable at law;

f)      Punitive damages;

g)      Prejudgment interest on all monetary recovery obtained.

h)      All costs and attorneys' fees incurred in prosecuting these

claims; and

i)      For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA VIOLATION (RETALIATION)

64.    Plaintiff realleges and readopts the allegations of Paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

65.    Plaintiff is a member of a protected class under the FCRA due to her sex and pregnancy.

66.    Plaintiff engaged in protected activity under the FCRA.

67.    Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating and evicting her.

68.    Defendant's actions were willful and done with malice.

69.    By terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

70.    Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to relief.

**WHEREFORE**, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)   That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d)   Compensation for lost wages, benefits, and other remuneration;

e)   Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

f)   Front pay;

g)   Any other compensatory damages, including emotional distress, allowable at law;

h)   Punitive damages;

i)   Prejudgment interest on all monetary recovery obtained.

j)   All costs and attorneys' fees incurred in prosecuting these claims; and

k)   For such further relief as this Court deems just and equitable.

## COUNT VII – PWFA VIOLATION (DISCRIMINATION)

71.   Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 36 of this Complaint, as fully set forth herein.

72.   As a qualified individual whom Defendant knew was pregnant, Plaintiff is a member of a protected class under the PWFA.

13

73.    Plaintiff was subjected to disparate treatment by Defendant due to her pregnancy.

74.    Defendant's practices and/or policies of failing to accommodate discriminates on the basis of pregnancy.

75.    Defendant intentionally terminated Plaintiff because of her pregnancy and/or because of the need to provide reasonable accommodation for her pregnancy.

76.    Defendant failed or refused to engage in an interactive process regarding Plaintiff's accommodations and subsequently denied Plaintiff reasonable accommodations that would have permitted her to perform the essential functions of her job.

77.    The effect of the practices complained of has been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an employee because of her pregnancy.

78.    Defendant's actions were willful and done with malice.

79.    Plaintiff was injured by Defendant's violations of the PWFA, for which Plaintiff is entitled to relief.

**WHEREFORE**, Plaintiff demands:

   a)    That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the PWFA;

   b)    An injunction restraining continued violation of the PWFA by Defendant;

c)      Compensation for lost wages, benefits, and other remuneration;

d)      Front pay;

e)      Liquidated damages;

f)      Prejudgment interest on all monetary recovery obtained;

g)      All costs and attorneys' fees incurred in prosecuting these claims; and

h)      For such further relief as this Court deems just and equitable.

## COUNT VIII – PWFA VIOLATION (FAILURE TO ACCOMMODATE)

80.      Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 36 of this Complaint, as fully set forth herein.

81.      As a qualified individual whom Defendant knew was pregnant, Plaintiff is a member of a protected class under the PWFA.

82.      Plaintiff required reasonable accommodations due to the known limitations related to pregnancy, childbirth, or related medical conditions.

83.      Defendant failed or refused to engage in an interactive process regarding Plaintiff's accommodations and subsequently denied Plaintiff reasonable accommodations that would have permitted her to perform the essential functions of her job.

84.      By requesting maternity leave that qualified as protected leave under the PWFA, Plaintiff attempted to exercise her rights under the PWFA.

85.     Defendant terminated Plaintiff's employment during her protected leave.

86.     Defendant's actions were willful and done with malice.

87.     Plaintiff was injured by Defendant's violations of the PWFA, for which Plaintiff is entitled to relief.

**WHEREFORE**, Plaintiff demands:

a)      That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the PWFA;

b)      An injunction restraining continued violation of the PWFA by Defendant;

c)      Compensation for lost wages, benefits, and other remuneration;

d)      Front pay;

e)      Liquidated damages;

f)      Prejudgment interest on all monetary recovery obtained;

g)      All costs and attorneys' fees incurred in prosecuting these claims; and

h)      For such further relief as this Court deems just and equitable.

## COUNT IX – PWFA VIOLATION (RETALIATION)

88.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 36 of this Complaint, as fully set forth herein.

89.    As a qualified individual whom Defendant knew was pregnant, Plaintiff is a member of a protected class under the PWFA.

90.    Plaintiff engaged in protected activity under the PWFA by requesting reasonable accommodations, including maternity leave.

91.    Defendant retaliated against Plaintiff for engaging in protected activity under the PWFA by terminating Plaintiff's employment and evicting her.

92.    Terminating Plaintiff's employment constitutes as an "adverse action" under the PWFA.  42 U.S.C. § 2000gg–1(5).

93.    Defendant's actions were willful and done with malice.

94.    Plaintiff was injured by Defendant's violations of the PWFA, for which Plaintiff is entitled to relief.

*WHEREFORE*, Plaintiff demands:

   a)    That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the PWFA;

   b)    An injunction restraining continued violation of the PWFA by Defendant;

   c)    Compensation for lost wages, benefits, and other remuneration;

   d)    Front pay;

   e)    Liquidated damages;

   f)    Prejudgment interest on all monetary recovery obtained;

17

g)      All costs and attorneys' fees incurred in prosecuting these claims; and

h)      For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 20th day of August, 2025.

Respectfully submitted,


*s/ Amanda Heystek*
**AMANDA HEYSTEK**
Florida Bar No: 0285020
**NIKOLE MILLER**
Florida Bar No: 1031826
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main: (813) 224-0431
Direct: (813) 379-2560
Facsimile: (813) 229-8712
Email: aheystek@wfclaw.com
Email: nmiller@wfclaw.com
Email: rcooke@wfclaw.com
***Attorneys for Plaintiff***